# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESLIE DIPPEL, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| vs. ) | |
| ) | |
| BESTDRIVE, LLC, ) | **JURY TRIAL DEMANDED** |
| ) | |
| and ) | |
| ) | |
| JOSHUA L. CRANFORD, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendant BestDrive, LLC ("BestDrive") files this Notice of Removal of civil action No. 19L0590, which is now pending in the Circuit Court for the Twentieth Judicial Circuit of St. Clair County, State of Illinois, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice of Removal, BestDrive states as follows:

1. On or about August 19, 2019, Plaintiff Leslie Dippel ("Plaintiff") filed a Complaint in the Circuit Court for the Twentieth Judicial Circuit of St. Clair County, State of Illinois against Defendants BestDrive and Joshua L. Cranford ("Cranford"), captioned *Leslie Dippel v. BestDrive, LLC, et al.*, Case No. 19L0590. BestDrive and Cranford are collectively referred to herein as "Defendants."

2. Plaintiff's Complaint alleges that on or about October 9, 2018, BestDrive's employee co-defendant Cranford was driving a 2014 Ford Tire Truck ("Truck") leased by BestDrive. Pl.'s Compl. ¶ 6, attached as part of Exhibit A.

3. Plaintiff's Complaint alleges that on or about October 9, 2018, Cranford negligently operated BestDrive's Truck causing an accident in which it struck multiple vehicles, including Plaintiff's. (the "Incident"). *See* Exhibit A, Compl. ¶ 31.

4. Plaintiff's Complaint further alleges that BestDrive had a duty to comply with the Federal Motor Carrier Safety Regulations ("FMCSRs"), Exhibit A, Compl. ¶ 49, and that BestDrive was negligent due to its alleged failure to comply with "various safety regulations included within Parts 390-397" of the FMCSRs. Exhibit A, Compl. ¶ 50 (a)-(k). Plaintiff's Complaint alleges additional violations of the FMCSRs in Counts V, VI, and VIII[1]. *See* Exhibit A. These alleged violations of the FMCSRs form the basis of Plaintiff's negligence claims against BestDrive.[2]

5. BestDrive was served with Plaintiff's Complaint and Summons on September 18, 2019 through its registered agent, CT Corporation.

## I. The Court Has Federal Question Jurisdiction over this Lawsuit

6. The Court has jurisdiction over this civil lawsuit under 28 U.S.C. § 1331 because Plaintiff's claims against BestDrive implicate substantial federal issues that sensibly belong in a federal court. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363 (2005).

7. The Court has supplemental jurisdiction over Plaintiff's claims against Cranford under 28 U.S.C. § 1367(a) because the state and federal claims both derive from the Incident. *Benson v. LVNV Funding, LLC*, Civil No. 11–1096–GPM–PMF, 2012 WL 1965336, at *1 (S.D. Ill. May 31, 2012) ("a district court has supplemental jurisdiction over state claims pursuant to §

---

[1] Plaintiff's Complaint does not contain a Count VII.
[2] BestDrive denies Plaintiff's allegations that it was negligent and that it is subject to the FMCSR.

1367(a) so long as they 'derive from a common nucleus of operative facts' with the original federal claims.") (quoting *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir.2008)).

8. The United States Supreme Court has laid out a four-part test (hereinafter the "*Grable*-test") for determining whether a state law claim requires a federal forum. *See Gunn v. Minton*, 568 U.S. 251, 258, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013). First, a federal issue must be "necessarily raised." *Id*. Second, the federal issue must be "actually disputed." *Id*. Third, the federal issue must be "substantial." *Id*. And finally, the federal issue must be "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id*.

### A.  A Federal Issue is Necessarily Raised in this Case

9. A claim raises a federal issue when it "will necessarily require application of [federal] law to the facts of [the] case." *Minton*, 568 U.S. at 259. Put differently, this part of the *Grable*-test is met when "deciding an issue of federal law [is] inescapable." *Hartland Lakeside Joint No. 3 School Dist. V. WEA Ins. Corp.*, 756 F.3d 1032, 1035 (7th Cir. 2014).

10. Here, Plaintiff bases all of her negligence claims against BestDrive on BestDrive's alleged failure to comply with federal regulations. *See* Exhibit A, Compl. ¶¶ 47-102. The court simply cannot resolve these claims without determining: (a) whether the federal regulations apply; and (b) whether BestDrive violated those regulations. The federal issue is decidedly "inescapable" in this case.

### B.  The Federal Issue is Actually Disputed in this Case

11. Federal issues are actually disputed when they are "the central point of dispute." *Minton*, 568 U.S. at 259; *see also Evergreen Square of Cudahy v. Wisconsin Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 467 (7th Cir. 2015) ("While state law may create the breach-of-

contract causes of action, the only disputed issues involve the proper interpretation of Section 8 and HUD's implementing guidance").

12.     Here, Plaintiff asserts that BestDrive is both subject to and in violation of the FMCSRs. BestDrive disputes that it is subject to the FMCSRs, and it intends to put forth evidence in support of its position at trial. Because Plaintiff bases her entire theory of negligence against BestDrive on its failure to comply with the FMCSRs, whether BestDrive or the actions of the defendants were even subject to the FMCSRs at the time of the incident is "the central point of dispute." *See Minton*, 568 U.S. at 259.

### C.  The Federal Issue is Substantial in this Case

13.     To determine whether a federal issue is substantial, federal courts must consider "the importance of the issue to the federal system as a whole." *Minton*, 568 U.S. at 260. "It is not enough that the federal issue be significant to the particular parties in the immediate suit." *Id*. A central consideration when determining substantiality is whether the federal issue is presented as an alternative ground for relief. *Giles v. Chicago Drum, Inc.*, 631 F.Supp.2d 981, 987 (N.D. Ill.2009). Plaintiff's claim here is not an alternative ground for relief. Here, allegations that BestDrive violated the FMCSRs exhaust her negligence claims against BestDrive. But more importantly, this case presents a substantial federal issue because there is conflicting federal authority on whether BestDrive's activities at the time of the Incident would fall within the FMCSRs' regulatory ambit.

### D. Removal Will Not Disrupt the Federal-State Balance

14. Federal Courts are to consider two factors in assessing the effect on federal-state balance. First, whether Congress has supplied a private right of action; and second, whether "shifting all these actions to federal court 'would work a significant disruption in the division of labor between federal and state courts.'" *Giles*, 631 F.Supp.2d at 988 (*citing State of Wisconsin v. Abbott Labs*, 390 F.Supp.2d 815, 822 (W.D. Wis. 2005)).

15. Here, while there is no private right of action, the second factor weighs in favor of federal court jurisdiction. Plaintiff's case is a "rare case" insofar as it is uncommon to base an ordinary negligence claim entirely on federal regulations. There is little concern that cases of this kind will flood the federal court system. To be sure, relying on some aspects of federal law in tort litigation is common and unremarkable. *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 912 (7th Cir. 2007) ("That some standards of care used in tort litigation come from federal law does not make the tort claim one 'arising under' federal law"). But it is not the case here that Plaintiff has relied on "some standards of care" deriving from federal law. Rather, her claims against BestDrive derive from the FMCSRs.

## II. All Procedural Requirements for Removal are Met

16. The United States District Court for the Southern District of Illinois is the appropriate venue for removal of Plaintiff's state court action pursuant to 28 U.S.C. § 1441, which permits any civil action brought in any state court in which the district courts of the United States have original jurisdiction to be removed to the district court of the United States for the district and division embracing the place where the state court action is pending.

17. BestDrive was served with a Summons and a copy of Plaintiff's Complaint on September 18, 2019. Copies of the Summons, Plaintiff's Complaint, and all other process, pleadings, and orders served on BestDrive are attached as part of Exhibit A.

18. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it was filed within thirty days after BestDrive was served with a copy of the initial pleading. *See Save-A-Life Foundation, Inc. v. Heimlich*, 601 F. Supp.2d 1005, 1010 (N.D. Ill. 2009).

19. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon BestDrive in this action are attached as part of Exhibit A.

20. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this Notice of Removal is being sent to Plaintiff through her counsel and to the Clerk of Court for the Circuit Court for the Twentieth Judicial Circuit of St. Clair County, State of Illinois. A copy of the notice is attached hereto as Exhibit B.

21. Pursuant to 28 U.S.C.§ 1446(b)(2)(A), BestDrive has obtained Cranford's consent to the removal of this action. A copy of Cranford's signed consent is attached hereto as Exhibit C.

22. BestDrive submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary relief whatever (or that the damages she seeks may be properly sought).

23. BestDrive reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant BestDrive, LLC respectfully removes this action now pending in the Illinois Circuit Court, Twentieth Judicial Circuit, St. Clair County, to the United States District Court for the Southern District of Illinois.

Dated: October 18, 2019.

                        Respectfully submitted,

                        HUSCH BLACKWELL LLP

By:  /s/ Shannon D. Peters
      Melissa M. Merlin, #6302227
      E-mail:  melissa.merlin@huschblackwell.com
      Shannon D. Peters #6319428
      E-mail: shannon.peters@huschblackwell.com
      190 Carondelet Plaza, Suite 600
      St. Louis, Missouri 63105
      Phone:  (314) 480-1500
      Fax:  (314) 480-1505

      *Attorneys for Defendants*
      *BestDrive, LLC, and Joshua Cranford*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2019, the foregoing was served via regular mail, postage prepaid and a courtesy copy via email upon the following:

**LIESER LAW FIRM, LLC**
Shaun M. Lieser, IL #6295198
1034 S. Brentwood Blvd. PH-1C
Saint Louis, Missouri 63117
Ph: (314) 878-3200
Fx: (314) 732-1402
E-mail: shaun@lieserlawfirm.com

and

**KEEFE, KEEFE & UNSELL, P.C.**
Thomas Q. Keefe, III, IL #6294376
#6 Executive Woods Court
Belleville, Illinois 62226
Ph: (618) 236-2221
Fx: (618) 236-2194
Primary E-mail: tiffany@tqkeefe.com
Secondary E-mail: keefetragmail.com

/s/ Shannon D. Peters
Shannon D. Peters #6319428
E-mail: shannon.peters@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Phone: (314) 480-1500
Fax: (314) 480-1505

*Attorney for Defendants*
*BestDrive, LLC, and Joshua Cranford*