## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number _____ **19L0590**

Amount Claimed _____

| Leslie Dippel | BESTDRIVE, LLC |
|---|---|
| | and |
| **VS** | Joshua L. Cranford |
| Plaintiff(s) | Defendant(s) |

Classification Prefix _____ Code _____   Nature of Action _____ Code _____

Pltf. Atty. Shaun M. Lieser          Code 6879
Address 1034 S. Brentwood Blvd. PH-1C
City Saint Louis, MO 63117          Phone 878-3200
Add. Pltf. Atty. _____ Code _____

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

NAME BestDrive, LLC
C/r C ৭রP Aর~

ADDRESS 120 S. Central Avenue

### SUMMONS COPY
To the above named defendant(s)......:

CITY & STATE Clayton, Missouri 63105

☐ A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20__
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

**TO THE OFFICER:**
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____

9/17/2019
_____ 20__
/s/ Molly McClenahan

**SEAL**

**Clerk of Court**

BY DEPUTY: _____

DATE OF SERVICE: _____ 20__
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . . $_____ |
| Total . . . . . . . . . . . . . . . . . . . . . $_____ |
| |
| Sheriff of _____ : County |

_____, Sheriff of _____ County

_____, Deputy

Electronically Filed
Kahalah A. Clay
Circuit Clerk
ANDREW KATZ
19L0590
St. Clair County
8/19/2019 10:34 AM
6227554

**IN THE CIRCUIT COURT OF**
**ST. CLAIR COUNTY, ILLINOIS**

LESLIE DIPPEL,                      )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        Case No: 19L0590
                                    )
BESTDRIVE, LLC and                  )
JOSHUA L. CRANFORD,                 )
                                    )
        Defendants.                 )

## COMPLAINT

Now comes the Plaintiff, LESLIE DIPPEL, by and through the undersigned attorneys,

LIESER LAW FIRM, LLC and KEEFE, KEEFE & UNSELL, P.C., and in support of her cause

of action against Defendants, BESTDRIVE, LLC and JOSHUA CRANFORD, states as follows:

### GENERAL ALLEGATIONS

1.   Plaintiff, Leslie Dippel (hereinafter "Plaintiff"), is an individual, resident and

citizen of the State of Illinois residing in St. Clair County, Illinois.

2.   At all times material hereto, Defendant, BestDrive, LLC, (hereinafter "BestDrive"),

was a Delaware Corporation doing business in Illinois and may be served through its registered

agent, CT Corporation, at 120 South Central Avenue, Clayton, MO 63105.

3.   BestDrive does business in and within St. Clair County, Illinois.

4.   Defendant, Joshua Cranford (hereinafter "Cranford"), is an individual, resident, and

citizen of the State of Illinois and can be served at 219 Pear Street, Du Quoin, Illinois 62832.

5.   That venue is proper with this Court.

6.   Defendant BestDrive leased the 2014 Ford Tire Truck Series Truck (hereinafter

"Ford Tire Truck") that its employee, Cranford, was operating at the time of the collision.

1

7.     At all times relevant herein and at the time of this crash, BestDrive was acting individually and through its drivers, agents, servants, and/or employees, each of whom were acting within the course and scope of their employment with BestDrive.

8.     At all times relevant herein and at the time of this crash, Cranford was operating the Ford Tire Truck in the course and scope of his employment with BestDrive.

9.     Upon information and belief, as of October 9, 2018 and at the time of the collision referenced in this complaint, Defendant BestDrive was not registered with the Federal Motor Carrier Safety Administration as an interstate commercial motor carrier.

10.    Upon information and belief, as of October 9, 2018 and at the time of the collision referenced in this complaint, Defendant BestDrive was not registered with and did not obtain operating authority within the State of Illinois.

11.    Upon information and belief, as of October 9, 2018 and at the time of the collision referenced in this complaint, Defendant BestDrive did not have authority to operate as an interstate commercial motor carrier.

12.    At all times relevant herein and at the time of this crash, Defendant BestDrive was a commercial motor carrier engaged in interstate commerce, transporting goods for hire throughout the United States, and specifically the states of Missouri and Illinois.

13.    At all times relevant herein and at the time of this crash, Defendant BestDrive was acting individually and through its drivers, agents, servants, joint ventures, and/or employees, each of whom were acting within the course and scope of their employment with Defendant BestDrive.

14.    At all times relevant herein and at the time of this crash, Defendant Cranford was operating the Ford Tire Truck in the course and scope of his employment and agency with Defendant BestDrive.

2

about:blank

15.     Defendant BestDrive is liable for all acts and omissions of Defendant Cranford while he/it was operating within course and scope of employment and/or agency, under the doctrine of *respondeat superior*.

16.     Defendant BestDrive, and its agents, servants, employees, and drivers, including Defendant Cranford, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations).

17.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer." 49 C.F.R. §390.5.

18.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety. "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

19.     At all times relevant to this case, Defendant Cranford was a driver of the Ford Tire Truck, a commercial motor vehicle, and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

20.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power

3

and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration.  49 C.F.R. §390.5.

21.    At all times relevant to this case, the Ford Tire Truck driven by Defendant Cranford was a vehicle and therefore, a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

22.    In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business or assigns employees to operate it.  49 C.F.R. §390.5.

23.    At all times relevant to this case, Defendant BestDrive was an "employer," as defined by the Motor Carrier Safety Regulations.

24.    In its relevant parts, the Motor Carrier Safety Regulations define a "Commercial Motor Vehicle" as any self-propelled or towed motor vehicle used on a highway in interstate commerce to transport passengers or property when the vehicle has a gross vehicle weight rating or gross combination weight rating, or gross vehicle weight or gross combination weight, of 10,001 pounds or more.  49 C.F.R. §390.5.

25.    At the time of this incident and at all times herein mentioned, the Ford Tire Truck Defendant Cranford was operating was a "commercial motor vehicle" as defined by the Motor Carrier Safety Regulations.

26.    At the time of this incident and at all times herein mentioned, Defendant Cranford was operating the Ford Tire Truck as a driver for Defendant BestDrive.

27.    On or about October 9, 2018, at approximately 3:59 p.m., Plaintiff was operating a 2009 Toyota on Interstate 70 heading eastbound.

28.    At that time and place, Jovan Warren was driving a 2017 Kia Passenger behind Plaintiff and traveling eastbound.

4

29.     At that time and place, Defendant Cranford was operating the Ford Tire Truck behind Jovan Warren and Plaintiff and traveling eastbound.

30.     At the time and place stated above, Defendant Cranford caused BestDrive's Ford Tire Truck to strike the rear of Jovan Warren's vehicle.

31.     At that time and place, Defendant Cranford caused BestDrive's Ford Tire Truck to strike Plaintiff's vehicle.

32.     Following the collision, Defendant Cranford was charged pursuant to 625 ILCS 5/11-601(a) for failure to reduce speed to avoid an accident.

33.     At the time and place stated above, Highway 1-70 was an open thoroughfare and public roadway in the State of Illinois.

34.     Plaintiff suffered and continues to suffer permanent and disabling injuries as a direct and proximate result of this incident.

35.     The negligence of Defendants BestDrive and Cranford, directly and proximately, caused or contributed to cause injury to Plaintiff Leslie Dippel, which includes severe injuries to her neck, back, spine, ribs, shoulders, and internal organs.

36.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants BestDrive and Cranford, Plaintiff has incurred medical bills.

37.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants BestDrive and Cranford, Plaintiff will likely incur additional medical bills in the future.

38.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants BestDrive and Cranford, Plaintiff has suffered lost wages.

39.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants BestDrive and Cranford, Plaintiff will suffer lost wages in the future.

5

## COUNT I – LESLIE DIPPEL
## NEGLIGENCE AGAINST DEFENDANT CRANFORD

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant Cranford and further states:

40.     At the time of this crash, Defendant Cranford negligently operated the Ford Tire Truck that caused this incident on the above stated date and time by:

        a)    Driving too fast for conditions in violation of 625 ILCS 5/11-601(a);

        b)    Failing to reduce speed to avoid a collision in violation of 625 ILCS 5/11-601(a);

        c)    Failing to keep a proper lookout;

        d)    Failing to take proper remedial action which could have avoided this collision or minimized the impact;

        e)    Operating the Ford Tire Truck without adequate training and experience;

        f)    Operating the Ford Tire Truck when not properly qualified to do so;

        g)    Driving while tired and/or fatigued;

        i)    Driving while under the unsafe side-effects of prescription medication;

        j)    Driving overly aggressive; and

        m)    Failing to stop his Ford Tire Truck, slacken his speed, swerve or sound a warning in an attempt to avoid colliding with Plaintiff's vehicle, when he could and should have done in so in the exercise of the highest degree of reasonable care.

41.     At least one of the negligent acts or omissions by Defendant Cranford, as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiff.

6

42. As a direct and proximate result of the negligence of Defendant Cranford, Plaintiff was seriously injured as described herein and has sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

43. Defendant Cranford knew or should have known that his conduct as described herein created a high degree of probability of injury.

**WHEREFORE** Plaintiff prays for judgment against Defendant Cranford in a sum in excess of Fifty Thousand Dollars ($50,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for her injuries, and for such other relief this Court deems just and proper under the circumstances.

**COUNT II – LESLIE DIPPEL**
**STATUTORY EMPLOYMENT/LOGO/LEASE LIABILITY AGAINST DEFENDANT**
**BESTDRIVE, LLC**

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant BestDrive, LLC ("Defendant BestDrive") and further states:

44. Based upon all aforementioned allegations, Defendant BestDrive, LLC is vicariously liable for the negligence of Defendant Cranford based upon the doctrines of statutory employment, logo, and/or lease liability.

**WHEREFORE** Plaintiff prays for judgment against Defendant BestDrive in a sum in excess of Fifty Thousand Dollars ($50,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for his injuries, and for such other relief this Court deems just and proper under the circumstances.

7

## COUNT III – LESLIE DIPPEL
### VICARIOUS LIABILITY AGAINST DEFENDANT BESTDRIVE, LLC

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant BestDrive, LLC and further states:

45.    At all times relevant, Defendant Cranford was acting in the course and scope of his agency and/or employment with Defendant BestDrive, LLC.

46.    Based upon the prior allegations, Defendant BestDrive, LLC is vicariously liable for the negligence of Defendant Cranford based upon the doctrines of agency and respondeat superior.

**WHEREFORE** Plaintiff prays for judgment against Defendant BestDrive, LLC in a sum in excess of Fifty Thousand Dollars ($50,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for his injuries, and for such other relief this Court deems just and proper under the circumstances.

## COUNT IV – LESLIE DIPPEL
### INDEPENDENT NEGLIGENCE AGAINST DEFENDANT BESTDRIVE, LLC

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein and further states:

47.    At all times relevant, Defendant BestDrive, LLC was operating as an interstate motor carrier.

48.    Throughout its existence, Defendant BestDrive, LLC has, or should have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

49.    As an interstate motor carrier, Defendant BestDrive, LLC has a duty, to follow and

8

comply with the Federal Motor Carrier Safety Regulations.

50.    The various safety regulations included within Parts 390 – 397, of which Defendant BestDrive, LLC had a duty to follow, include, but are not limited to, the following:

a.    Defendant BestDrive, LLC had an independent duty to require observance by its drivers of any duty or prohibition imposed upon the drivers by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §390.11;

b.    Defendant BestDrive, LLC had a duty to not require or permit a driver, including Defendant Cranford, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3;

c.    Defendant BestDrive, LLC had a duty to not allow or permit a driver, including Defendant Cranford, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.  49 C.F.R. §391.11.;

d.    Defendant BestDrive, LLC had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter 390.  490 C.F.R. §390.13;

e.    Defendant BestDrive, LLC had an independent duty to prohibit its employees from driving a commercial vehicle unless the employee had first completed and furnished to Defendant BestDrive, LLC an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f.    Defendant BestDrive, LLC had an independent duty to make investigations and

9

inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

g. Defendant BestDrive, LLC had an independent duty to obtain the motor vehicle record of every driver it employs, including Defendant Cranford, at least once every twelve months in determine whether that driver continues to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle. 49 C.F.R. §391.25;

h. Defendant BestDrive, LLC had an independent duty require each of its drivers, including Defendant Cranford, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months. 49 C.F.R. §391.27;

i. Defendant BestDrive, LLC had an independent duty to prohibit its employees, including Defendant Cranford, from driving until the driver had successfully completed a road test and been issued a certificate of driver's road test. 40. C.F.R. §391.31;

j. Defendant BestDrive, LLC had an independent duty to ensure that its drivers, including Defendant Cranford, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety Regulations. 40 C.F.R. §391 – Subpart E; and

k. Defendant BestDrive, LLC had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle

10

about:blank

operated by Defendant Cranford on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the aforementioned crash. 40 C.F.R. §396.3.

51.     That Defendant BestDrive, LLC had a duty to comply with the Federal Motor Carrier Safety Regulations including, but not limited to, the specific aforementioned regulations.

52.     That it is customary standard in the motor carrier industry to have in place an adequate safety program administered by competent and adequately trained safety personnel to ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety Regulations, including but not limited the specifically aforementioned regulations.

53.     That, at all times prior to the aforementioned collision, Defendant BestDrive, LLC failed to have in place an adequate safety program.

54.     As a result of its inadequate and/or inexistent safety program, Defendant BestDrive, LLC violated numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff.

55.     As a result of its inadequate and/or inexistent safety program, Defendant BestDrive, LLC allowed its drivers, including Defendant Cranford, to violate numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff.

56.     That Defendant BestDrive's violation of numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations created a danger to the health, welfare, and safety of the motoring public, including Plaintiff.

57.     Defendant BestDrive, LLC was thereby negligent in that it failed to implement an adequate safety program and it violated numerous Federal Motor Carrier Safety Regulations,

11

including but not limited to the specifically aforementioned regulations.

58.    Defendant BestDrive, LLC was thereby negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Defendant Cranford, complied with the Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

59.    As a direct and proximate result of the independent negligence of Defendant BestDrive, Plaintiff was injured and sustained damages and will continue to be damaged in the manners previously described in this Complaint.

60.    Defendant BestDrive, LLC knew or had information from which they, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Plaintiff.

61.    Defendant BestDrive's reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiff described herein.

**WHEREFORE** Plaintiff prays for judgment against Defendant BestDrive, LLC in a sum in excess of Fifty Thousand Dollars ($50,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for his injuries, and for such other relief this Court deems just and proper under the circumstances.

## COUNT V – LESLIE DIPPEL
## DIRECT NEGLIGENCE AGAINST DEFENDANT BESTDRIVE, LLC BASED UPON NEGLIGENT HIRING/RETENTION

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were fully incorporated in this count and further states:

12

62.     At all times prior to the aforementioned collision, Defendant BestDrive, LLC had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

63.     Such duties include, but are not limited to:

a)     To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

b)     To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

c)     To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. §391.23(a);

d)     To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.31(a);

e)     To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. §391.23(2);

f)     Ensure that its driver was physically qualified to operate a commercial motor vehicle and had a valid and current DOT medical examiner's certificate. 49 C.F.R. §391.41; and

g)     Ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely.  49 C.F.R. §391.41(b)(6).

64.     Defendant BestDrive, LLC had a duty to comply with all of the above and below listed Laws, Federal Regulations, Codes, and/or Missouri Statutes and/or Illinois statutes, so as to

13

protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

65.    Defendant Cranford was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, and lack of knowledge.

66.    That, because of Defendant Cranford's aforementioned inadequacies, Defendant BestDrive, LLC should not have hired him to operate a commercial motor vehicle.

67.    That Defendant BestDrive, LLC knew, or through the exercise of ordinary care should have known that Defendant Cranford was unqualified to safely operate a commercial motor vehicle.

68.    That by failing to properly and adequately screen and investigate its drivers, including Defendant Cranford, before and during employment, Defendant BestDrive, LLC violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

69.    Had Defendant BestDrive, LLC obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Defendant Cranford was unqualified to safely operate a commercial motor vehicle.

70.    Defendant Cranford's negligent actions on the day of the collision with Plaintiff were consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

71.    Defendant BestDrive's actions and omissions in hiring Defendant Cranford, including their violations of the Federal Motor Carrier Safety Regulations, was the proximate cause of the injuries and damages sustained by Plaintiff resulting from the aforementioned motor vehicle collision.

72.    Defendant BestDrive's actions and omissions in hiring Defendant Cranford,

14

including their violations of the Federal Motor Carrier Safety Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

**WHEREFORE** Plaintiff prays for judgment against Defendant BestDrive, LLC in a sum in excess of Fifty Thousand Dollars ($50,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for his injuries, and for such other relief this Court deems just and proper under the circumstances.

**COUNT VI – LESLIE DIPPEL**
**DIRECT NEGLIGENCE AGAINST DEFENDANT BESTDRIVE, LLC BASED UPON NEGLIGENT TRAINING**

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were fully incorporated in this count and further states:

73.     Defendant BestDrive, LLC owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant Cranford, on the safe operation of a commercial motor vehicle.

74.     Defendant BestDrive, LLC failed to properly instruct Defendant Cranford on the safe operation of a commercial motor vehicle.

75.     Defendant BestDrive, LLC owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant Cranford, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

76.     At all times prior to the aforementioned collision, Defendant BestDrive, LLC had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the

15

extent mandated by the Federal Motor Carrier Safety Regulations.

77.     Such duties include, but are not limited to:

a)      To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations. 49 C.F.R. §380.109 and 49 C.F.R. §380.509;

b)      To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications. 49 C.F.R. §380.503;

c)      To ensure that its drivers have been properly trained and to show proof of that training with a training certificate. 49 C.F.R. §380.505;

78.     Defendant BestDrive, LLC had a duty to properly instruct its drivers, including Defendant Cranford on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

79.     Defendant BestDrive, LLC failed to properly instruct Defendant Cranford on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

80.     Defendant BestDrive, LLC owed the general public, including Plaintiff, a duty to provide ongoing safety courses to its drivers, including Defendant Cranford.

81.     Defendant BestDrive, LLC failed to provide adequate continuing safety courses to Defendant Cranford.

82.     Defendant BestDrive, LLC had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

83.     Defendant BestDrive, LLC breached its duty to the general public, including the

16

about:blank

Plaintiff, by its failing to properly train Defendant Cranford, Defendant BestDrive's commercial motor vehicle driver, who was unqualified, incompetent and should not have been permitted to operate a commercial motor vehicle.

84.     Based on Defendant Cranford's driving history, inadequate experience, and training, Defendant BestDrive, LLC knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

85.     That Defendant BestDrive, LLC was negligent in failing to properly train its drivers, including Defendant Cranford, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

86.     That Defendant BestDrive, LLC was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

87.     That Defendant Cranford's aforementioned negligent actions and/or inactions were consistent with the fact that Defendant BestDrive, LLC failed to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor Carrier Safety Regulations.

88.     These actions and omissions of Defendant BestDrive, LLC relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

89.     Plaintiff's injuries were directly and proximately caused by Defendant BestDrive's breach of and failure to comply with its duty to properly train Defendant Cranford, its commercial motor vehicle driver.

17

**WHEREFORE** Plaintiff prays for judgment against Defendant BestDrive, LLC in a sum in excess of Fifty Thousand Dollars ($50,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for his injuries, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VIII – LESLIE DIPPEL
## DIRECT NEGLIGENCE AGAINST DEFENDANT BESTDRIVE, LLC BASED UPON NEGLIGENT SUPERVISION

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were fully incorporated in this count and further states:

90.     Defendant BestDrive, LLC owed the general public, including Plaintiff, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

91.     Defendant BestDrive, LLC had a duty to not require or permit a driver, including Defendant Cranford, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49 C.F.R. §392.3.

92.     Defendant BestDrive, LLC had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving. 49 C.F.R. §391.25.

93.     Defendant BestDrive, LLC had a duty to ensure that its drivers were continuously physically qualified to safely operate a Ford Tire Truck. 49 C.F.R. §391.41, 391.43.

94.     Defendant BestDrive, LLC had a duty to maintain a driver qualification file for

18

each driver it employs.  49 C.F.R. §391.51

95.     Defendant BestDrive, LLC had a duty to maintain a driver investigation history file for each driver it employs.  49 C.F.R. §391.53.

96.     Defendant BestDrive, LLC had a duty to not allow or permit its on-duty drivers to be possession of drugs as listed in 49 C.F.R. §392.4(a).

97.     Defendant BestDrive, LLC had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law.  49 C.F.R. §392.6.

98.     Defendant BestDrive, LLC had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiff Leslie Dippel, from the unsafe operation of commercial motor vehicles by its drivers.

99.     Defendant BestDrive, LLC breached its above listing duties to the general public, including the Plaintiff, by its failing to properly supervise Defendant Cranford, Defendant BestDrive's commercial motor vehicle driver, who was unqualified, incompetent and should have been discharged prior to this crash.

100.    Based on Defendant Cranford's driving history, lack of supervision and continued retention by his employer, Defendant BestDrive, LLC knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

101.    These actions and omissions of Defendant BestDrive, LLC relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

19

102.   Plaintiff's injuries were directly and proximately caused by Defendant BestDrive's breach of and failure to comply with its duty to properly train Defendant Cranford, its commercial motor vehicle driver.

**WHEREFORE** Plaintiff prays for judgment against Defendant BestDrive, LLC Company, Inc. in a sum in excess of Fifty Thousand Dollars ($50,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for his injuries, and for such other relief this Court deems just and proper under the circumstances.


Respectfully Submitted,

**LIESER LAW FIRM, LLC**

By:   /s/ Shaun M. Lieser
      **Shaun M. Lieser, IL #6295198**
      1034 S. Brentwood Blvd. PH-1C
      Saint Louis, Missouri 63117
      Ph: (314) 878-3200
      Fx: (314) 732-1402
      E-mail: shaun@lieserlawfirm.com


**KEEFE, KEEFE & UNSELL, P.C.**

By:   /s/ Thomas Q. Keefe, III
      **Thomas Q. Keefe, III, IL #6294376**
      #6 Executive Woods Court
      Belleville, Illinois 62226
      Ph: (618) 236-2221
      Fx: (618) 236-2194
      Primary E-mail: tiffany@tqkeefe.com
      Secondary E-mail: keefetq@gmail.com


20