# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESLIE DIPPEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19-cv-01135 |
| | ) |
| BESTDRIVE, LLC, and | ) |
| JOSHUA L. CRANFORD, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Remand (Doc. 17) filed by Plaintiff, Leslie Dippel. For the reasons set forth below, the Court grants the Motion to Remand.

### FACTUAL & PROCEDURAL BACKGROUND

This case arises out of a vehicle accident involving Dippel and Defendant Joshua Cranford. According to the Complaint, Cranford was employed by Defendant BestDrive, LLC ("BestDrive") at the time of the accident (Doc. 1-1, p. 1). On October 9, 2018, Cranford was driving a 2014 Ford Tire Truck Series, which was leased by BestDrive, when he hit Dippel's car, injuring her (Doc. 1-1, p. 1, 4, 5). Following the collision, Cranford was charged for failure to reduce speed to avoid an accident pursuant to 625 ILCS 5/11-601(a) (Doc. 1-1, p. 5). Dippel alleges that she suffered and continues to suffer permanent and disabling injuries as a result of the accident (*Id.* at p. 5).

Dippel brings one negligence claim against Cranford and multiple negligence claims against BestDrive based on theories of statutory employment/lease liability,

vicarious liability, independent negligence, negligent hiring/retention, negligent training, and negligent supervision (Doc. 1-1).

On October 18, 2019, BestDrive removed the case to this Court asserting that removal is proper because the Court has jurisdiction over the case pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 (Doc. 1, p. 1).[1] BestDrive asserts that Dippel's claims implicate substantial federal issues that sensibly belong in a federal court (*Id.* at p. 2). Particularly, BestDrive refers to Dippel's negligence claims which allege BestDrive failed to comply with "various safety regulations included within Parts 390-397" of the Federal Motor Carrier Safety Regulations ("FMCSR") (*Id.* at p. 2).

On November 16, 2019, Dippel filed a Motion to Remand and memorandum in support, arguing that federal question jurisdiction under 28 U.S.C. §1331 does not exist for three reasons. First, Dippel maintains that her Complaint does not plead a claim created by the FMCSR (Doc. 18, p. 4). On the contrary, Dippel states that the alleged violations of the FMCSR were adopted by reference into the Illinois Vehicle Code, 625 ILCS 5/18-105(b), and are part of her negligence claims under Illinois state law. *Id.* Second, Dippel asserts that the FMCSR does not grant a federal private right of action for personal injuries, therefore, she cannot make such a claim. *Id.* Third, Dippel alleges that her state law claims do not raise any substantial disputed federal law issues and in similar cases, courts have concluded that a substantial disputed issue is not raised so as to confer federal question jurisdiction (*Id.* at p. 6). Dippel also contends that she is entitled to

---

[1] Defendant Cranford consented to and joined Defendant BestDrive in this removal action. (Doc. 1-3, p. 1).

attorney's fees and costs as a result of BestDrive's improvident removal (*Id.* at p. 9).

On December 16, 2019, BestDrive filed a memorandum in opposition to the Motion to Remand (Doc. 24). In reply, BestDrive reiterates that Dippel's Complaint raises a significant federal issue and refutes Dippel's claims that she is entitled to attorney's fees and costs (*Id.* at pp. 6, 15).

## LEGAL STANDARD

When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); 28 U.S.C. § 1441(a); *see also Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 558 (2017); *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). Federal district courts may not exercise jurisdiction absent a statutory basis. *Schumacher v. Sterigenics U.S., LLC*, 394 F. Supp. 3d 837, 841 (N.D. Ill. 2019) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)).

Congress grants federal courts subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Under § 1331, better known as the federal question jurisdiction statute, federal courts may exercise jurisdiction if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

Defendants, as the removing parties, bear the burden of establishing federal

jurisdiction. *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018). Federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court. *Schur*, 577 F.3d at 758; *see also Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

## ANALYSIS

### I. Federal Question Jurisdiction

BestDrive argues that this Court has federal question jurisdiction because of the alleged violations of the FMCSR which form the basis of Dippel's negligence claims (Doc. 1, p. 1). In contrast, Dippel asserts that although her Complaint alleges that BestDrive violated multiple provisions of the FMCSR, federal question jurisdiction does not exist because the FMCSR are incorporated into Illinois state law (Doc. 18, p. 6). Furthermore, there is no private right of action for personal injuries under FMCSR, and Dippel's state law claims do not raise any substantial disputed federal issues (*Id.* at p. 4).

BestDrive's argument is chiefly based on the *Grable* Test from the Supreme Court's holding in *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The Test provides that a court will have federal question jurisdiction over a state law claim "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.*; *see also Coffman v. Dutch Farms, Inc.*, 2:16-CV-157, 2017 U.S. Dist. LEXIS 26827, at *7 (N.D. Ind. Feb. 24, 2017). The federal issue in this case only meets one requirement of the *Grable* Test, therefore, the Court does not have subject matter jurisdiction.

Dippel's state law claims do not necessarily raise a federal issue. A federal issue is necessarily raised under § 1331 when it is essential to resolving a state law claim. *Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019). BestDrive cites to *Gunn v. Minton*, 568 U.S. 251, 259 (2013), to support its argument that Dippel's claims raise a federal issue because they will necessarily require the application of federal law to the facts of this case (Doc. 1, p. 3, ¶ 9). BestDrive is correct in its argument that Dippel's Complaint failed to cite to 625 ILCS 5/11-601(a), all the while citing to the FMCSR multiple times (Doc. 24, p. 3). Nevertheless, each of the relevant sections of the FMCSR has been adopted by reference as a part of the Illinois Vehicle Code. *Coffman*, U.S. Dist. LEXIS 26827, at *6. Furthermore, while Dippel never referred to this section of the Illinois Vehicle Code in her Complaint, she did state multiple times that a violation of the FMSCRs was evidence of negligence (Doc. 1-1, p. 12, ¶¶ 58-59). Therefore, the Court will construe her statements "as an assertion that the [defendant's] alleged violation of 625 ILCS 5/18b-105(b), which incorporates the relevant provisions of the FMCSR, is prima facie evidence of common law negligence under Illinois law." *Camp v. TNT Logistics Corp.*, 553 F.3d 502, 512 n.1 (7th Cir. 2009); *see also People v. Blackorby*, 146 Ill. 2d 307, 319, 586 N.E.2d 1231, 1237 (1992). Based on the fact that the Illinois Vehicle Code incorporates all of Dippel's cited provisions of the FMCSR, the application of federal law is not necessary to this case.

While the Court agrees with BestDrive that the federal issue is actually disputed in this case, it is insufficient to create federal jurisdiction. A federal issue is actually disputed when it is the central point of dispute. *Gunn*, 568 U.S. at 259. BestDrive refutes Dippel's allegations that they were subject (or in violation) of the FMCSR at the time of

the incident (Doc. 24, p. 8). Yet, "*Grable* does not alter the rule that a potential federal defense is not enough to create federal jurisdiction under §1331." *Schumacher*, 394 F. Supp. 3d at 844 (citing *Chicago Tribune Co. v. Bd. of Trustees of Univ. of Ill.*, 680 F.3d 1001, 1003 (7th Cir. 2012)). BestDrive's potential defenses are also insufficient to create federal jurisdiction.

The federal issue, in this case, is not substantial. In determining whether a federal issue is substantial, courts consider the "importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. Reliance on the FMCSR to establish negligence does not demonstrate that there is a substantial federal issue to resolve…." *Coffman*, LEXIS 26827, at *6.

Understandably, BestDrive argues that the Court's expertise is needed to determine whether the Truck was a commercial motor vehicle as it was not being "used on a highway in interstate commerce to transport *passengers or property*" under 49 C.F.R § 390.5 (Doc. 24, p. 9).[2] BestDrive is essentially arguing for uniformity, an argument the Supreme Court has expressly rejected. "Even a strong interest in uniformity of results is not enough to make a federal question 'substantial' so that it may be heard in federal court." *Burrell*, 918 F.3d at 386 (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 815-16 (1986)). To the extent federal issues may emerge in the course of litigating state law claims, the Supreme Court has observed that "state courts are fully capable of resolving federal issues that arise in connection with the state claims before them."

---

[2] Defendant states that there is a circuit split on the issue of whether tools and equipment are "property" under § 390.5; the Seventh Circuit found that they are not property while the Federal Motor Carrier Safety Administration states otherwise. (Doc. 24, pp. 9-10).

*Burrell*, 918 F.3d at 386 (citing *Gunn*, 568 U.S. at 263)). The "possibility that a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts' jurisdiction, even if the potential error finds its root in a misunderstanding of [federal] law." *Id.*

Finally, the Court finds that conferring federal jurisdiction will disrupt the federal-state balance. One of the factors the Court considers in its analysis is if there is a federal private right of action. "The absence of a private right of action is not dispositive, but its absence is significant, particularly where recognizing the availability of federal-question jurisdiction would shift a significant number of cases into federal court." *Giles v. Chicago Drum, Inc.*, 631 F.Supp.2d 981, 990 (N.D. Ill. 2009). Still, "it is persuasive evidence that Congress did not intend to set out a 'welcome mat' inviting state claims with embedded federal issues like this one into federal court." *Fochtman v. Rhino Energy, LLC*, No. 13-104, 2013 U.S. Dist. LEXIS 150279, at *7 (E.D. Ky. Oct. 17, 2013) (citing *Grable*, 545 U.S. at 317-18)).

There is widespread consensus among federal district courts that there is no federal private right of action allowing personal injury or wrongful death plaintiffs to hold defendants liable for violations of the FMCSR.[3] *Leon v. FedEx Ground Package Sys.*,

---

[3] *Leon*, LEXIS 30281, at *32, lists similar holdings of other federal courts. *See Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 784 n.2 (8th Cir. 2014)(stating in dicta that [w]e doubt "there is a federal private right of action for a violation of the FMCSR"); *Crosby v. Landstar*, No. CIV. 04-1535-SLR, 2005 WL 1459484, at *2 (D. Del. June 21, 2005)(Robinson, J.)("Plaintiff's claims for personal injury and property damage are more like negligence claims. Section 14704 does not give this court jurisdiction over negligence claims, which are traditionally within the purview of state jurisdiction."); *Kavulak v. Laimis Juodzevicius, A.V. Inc.*, 994 F. Supp. 2d 337, 343-44 (W.D.N.Y. 2014)(Skretny, J.)("[T]his statute also does not create a private right of action to recover for personal injuries sustained by a motorist struck by a tractor-trailer driver."); *Courtney v. Ivanov*, 41 F. Supp. 3d 453, 457 (W.D. Pa. 2014)(Gibson, J.); *Slagowski v. Cent. Washington Asphalt, Inc.*, No. 2:11-CV-00142-APG, 2014 WL 4887807, at *7 (D. Nev. Sept. 30, 2014)(Gordon, J.)("Virtually all courts that have

*Inc.*, No. 13-1005, 2016 U.S. Dist. LEXIS 30281, at *29 (D.N.M. Feb. 16, 2016); *see also Fochtman,* LEXIS 150279, at *6.[4] The Court agrees that this lack of a federal private right of action "evinces a Congressional intention to permit state-law claims implicating the [FMCSR] to be adjudicated by the state courts…." *Feeley*, LEXIS 153212, at *13.

Given the absence of a substantial federal interest and Illinois' strong interest in developing its personal injury doctrine without interference by federal courts, permitting an Illinois state court to interpret the FMCSR will not disrupt the accommodation between federal and state interests endorsed by Congress. *Fochtman*, LEXIS 150279, at *6. Contrary to BestDrive's arguments, this case simply does not belong to the rare, special, and small category of state law claims for which federal jurisdiction exists (Doc. 1, p. 5, ¶ 15).

## II. Plaintiff's Request for Attorney's Fees

Dippel argues that she is entitled to attorney's fees because BestDrive's removal was not objectively reasonable under 28 U.S.C. § 1447 (Doc. 18, p. 9). BestDrive asks that the Court deny Dippel's request for attorney's fees because removal was objectively reasonable (Doc. 24, p. 15).

28 U.S.C. § 1447(c) provides that a court may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Micrometl Corp.*, 656 F.3d at 470 (citing 28 U.S.C. § 1447(c)). "Absent unusual

---

examined this issue have concluded there is no private right of action for personal injuries arising from a violation of the MCA or its safety regulations.").

[4] BestDrive agrees that the FMCSR does not grant a federal private right of action (Doc. 1, p. 5)

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). If clearly established law demonstrated that the defendant had no basis for removal when he filed his notice in federal court, then the district court should award attorney's fees. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

Where a court finds that there is a close question, the court may decline to award attorney's fees. *Cori v. Martin,* 2017 U.S. Dist. LEXIS 180276, at *6 (S.D. Ill, Oct. 17, 2017). The issues raised by the BestDrive regarding the interpretation of the FMCSR and the fact that Dippel never cited to the Illinois Vehicle Code in her Complaint are close questions or matters that do not rise to the level of being objectively unreasonable. Therefore, the Court concludes that attorney's fees should not be awarded in this case.

## Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff Leslie Dippel's Motion to Remand (Doc. 17). The Court **REMANDS** this case to the Circuit Court for the Twentieth Judicial Circuit of St. Clair County, Illinois, for lack of federal subject matter jurisdiction. Additionally, the Court **DENIES** Dippel's request for attorney's fees.

**IT IS SO ORDERED.**

DATED: February 19, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**